**Arsen SARIBEKYAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73655.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 28, 2010.

Robert G. Berke, Esquire, Berke Law Offices, Canoga Park, CA, for Petitioner.

OIL, Kathryn DeAngelis, DOJ—U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Arsen Saribekyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Mohammed v. Gonzales,* 400 F.3d 785, 791–92 (9th Cir.2005), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Saribekyan's motion to reopen as untimely because it was filed over three years after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final order of removal), and Saribekyan did not show he was entitled to equitable tolling, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence"), or that changed country condi-

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tions warranted reopening, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii).

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**